UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:04-cr-36 |
| v. ) | Judge Edgar |
| ) | |
| TERRY PENNEY, also known as "Terry Penny," ) | |
| GEORGE HENDRICKS also known as "Buddy," ) | |
| ED BROWN, ) | |
| VIVIAN TROY COOK, ) | |
| CHARLES HENDRICKS, ) | |
| JOSEPH HENDRICKS, ) | |
| RANDALL DYER, ) | |
| JUANITA PETTYJOHN, ) | |
| ANGELA LYNN McCORMICK, ) | |
| DAVOTA BOWMAN, and ) | |
| WILLIAM NORTH, also known as "Cotton" ) | |

**MEMORANDUM AND ORDER**

Defendant Joseph Hendricks moves for a bill of particulars pursuant to FED. R. CRIM. P. 7(f). [Court Doc. No. 143]. The government opposes the motion. [Court Doc. No. 158].

The decision whether to require a bill of particulars is within the Court's sound discretion. *United States v. Robinson,* 390 F.3d 853, 867 (6th Cir. 2004); *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Rey,* 923 F.2d 1217, 1222 (6th Cir. 1991). After reviewing the record, the Court concludes that for the reasons expressed in the government's response the motion for a bill of particulars is **DENIED**.

A bill of particulars serves three main purposes: (1) inform the defendant of the nature of the criminal charges with sufficient precision to enable him to prepare for trial; (2) avoid or minimize the danger of surprise to the defendant at trial; and (3) enable the defendant to plead his acquittal or conviction in bar of another prosecution for the same offense under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution when the indictment is too vague and indefinite for such purposes. *Crayton*, 357 F.3d at 568; *United States v. Carter*, 124 F.3d 200 (Table, text in 1997 WL 528465, * 1 (6th Cir. Aug. 26, 1997)); *Salisbury*, 983 F.2d at 1375; *United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

A bill of particulars is not a discovery tool for a defendant to obtain detailed disclosure of all evidence in the government's possession before trial. *Crayton*, 357 F.3d at 568; *Salisbury*, 983 F.2d at 1375; *see also United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993). The government is not required to furnish the names of all other co-conspirators in a bill of particulars. *Crayton*, 357 F.3d at 568; *Rey*, 923 F.2d at 1222-23. As a general rule, a court does not abuse its discretion by denying a motion for bill of particulars where the indictment contains sufficient details of the crimes charged and the government has provided discovery to the defendant. *Robinson,* 390 F.3d at 867; *Carter,* 1997 WL 528465 at * 2; *Salisbury*, 983 F.2d at 1375; *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986); *Birmley*, 529 F.2d at 108.

Defendant Joseph Hendricks has not met his burden under Rule 7(f) of showing that a bill of particulars is necessary in this case. The government has provided full discovery to him and the indictment contains sufficient details to enable him to adequately prepare for trial.

Accordingly, the motion by Joseph Hendricks for a bill of particulars [Court Doc. No. 143] is **DENIED.**

SO ORDERED.

ENTER this *18th day of July, 2005*.

                                      */s/ R. Allan Edgar*
                                      R. ALLAN EDGAR
                          CHIEF UNITED STATES DISTRICT JUDGE